UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **ED CV 24-1030-JFW(SPx)** | Date:  May 17, 2024 |

Title:      Larry Latham -v- Flying J Travel Plaza, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

On April 2, 2024, Plaintiff Larry Latham ("Plaintiff") filed a Complaint against Defendants Flying J Travel Plaza, Pilot Travel Centers LLC, and Does 1 to 50 in Riverside County Superior Court.  On May 15, 2024, Defendant Pilot Travel Centers LLC ("Pilot") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Pilot bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  Contrary to Pilot's assertion in its Notice of Removal,[1] for the purposes of

---

[1] In its Notice of Removal, Pilot claims that, "[f]or purposes of determining diversity of citizenship, 'a limited partnership or corporation is a citizen of (1) the state under whose laws it is

diversity jurisdiction founded under 28 U.S.C. § 1332(a), a limited liability company is a citizen of every state of which its members are citizens.  See, e.g., Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Although Pilot is a limited liability company, Pilot fails to allege the citizenship of any of its members.

Accordingly, Pilot is hereby ordered to show cause, in writing, no later than **May 23, 2024** why this action should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remanding of this action to Riverside County Superior Court.

IT IS SO ORDERED.

---

organized or incorporated; and (2) the state of its principal place of business," citing Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009). Notice of Removal at ¶ 6. In Davis, however, jurisdiction was premised on the Class Action Fairness Act of 2005 ("CAFA"), which has a different rule for determining the citizenship of limited liability companies than that which applies when jurisdiction is premised, as it is here, on 28 U.S.C. § 1332(a).  See 28 U.S.C. § 1332(d)(10).